IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

FIDELITY AND DEPOSIT COMPANY
OF MARYLAND,                                                                       PLAINTIFF

VS.                                                                 No. 4:05CV21-WAP-EMB

SARAH WILLIAMS,                                                                  DEFENDANT

## REPORT AND RECOMMENDATIONS

Pending before the Court is the Motion of Plaintiff Fidelity And Deposit Company of Maryland For Entry Of Default Judgment [doc. 10-1], filed June 16, 2005. The matter has been referred to the undersigned United States Magistrate Judge for issuance of a report and recommendations. Having considered plaintiff's submissions and the record of this case, the undersigned finds as follows.

Plaintiff filed the Complaint for indemnity against Defendant Sarah Williams on January 24, 2005. The Complaint alleges defendant is a resident of Mississippi, who might be found at 136 Oak Drive, Greenville, Mississippi 38701. (Compl. at 1.) The record indicates a summons was issued for defendant at the address listed in the Complaint on January 24, 2005. An alias Summons By Publication was issued for defendant on March 2, 2005. On April 6, 2005, plaintiff filed a motion for entry of default, and the Clerk entered defendant's default on said date. A notice of the Clerk's entry of default was sent to defendant by certified mail, return receipt requested, on the same date. A remark on the docket dated April 12, 2005, states the mailing was returned marked "Moved, Left No Address."

In the instant motion, plaintiff states it is entitled to entry of judgment by default pursuant

to Rule 55(b). The undersigned disagrees, as proper service of process has not been effected in this case. Moreover, good cause also exists for setting aside the Clerk's entry of default.

The Federal Rules of Civil Procedure state that unless it is contrary to federal law, one of the ways that service may be made upon individuals within a judicial district of the United States is "pursuant to the law of the state in which the district court is located. . ." FED.R.CIV.P. 4(e)(1). Thus, when a suit is filed in federal district court in the Northern District of Mississippi, a plaintiff may serve on a defendant a copy of the complaint and a summons by any means authorized by Mississippi law. Knowing this brings the Court to the question of whether the facts of this case present an occasion where Mississippi law would authorize service by publication.

Mississippi Rule of Civil Procedure 4(c)(4) describes the circumstances under which service by publication is authorized. Specifically, Rule 4(c)(4) permits service by publication only after the plaintiff has failed in locating the defendant to effect personal service following diligent inquiry. *See Page v. Crawford*, 883 So.2d 609, 612 (Miss. Ct. App. 2004). As such, among the procedural requirements of Rule 4(c)(4) is the requirement that the plaintiff either submit a sworn complaint or sworn petition or file an affidavit to the effect that the defendant is a nonresident of Mississippi "or not to be found therein on diligent inquiry." There is nothing on the record of this case indicating plaintiff has complied with any of the requirements of Rule 4(c)(4). Thus, this Court does not have personal jurisdiction over the defendant, and entry of a default judgment against her would be improper. Furthermore, in light of plaintiff's failure to properly serve the defendant with process, good cause exists for setting aside the Clerk's entry of default under FED.R.CIV.P. 55(c). Therefore, it is recommended that plaintiff's motion for a default judgment be denied and that the Clerk's entry of default herein be set aside.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 3rd day of August, 2005.

/s/ Eugene M. Bogen
**U. S. MAGISTRATE JUDGE**