IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**FIDELITY AND DEPOSIT COMPANY**
**OF MARYLAND,**                                                                           **PLAINTIFF**

**VS.**                                                **No. 4:05CV21-WAP-EMB**

**SARAH WILLIAMS,**                                                                    **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR DEFAULT JUDGMENT**

Pending before the Court is the second unopposed Motion of Plaintiff Fidelity And Deposit Company Of Maryland ("Fidelity") For Entry Of Judgment by Default [doc. 22], filed March 7, 2006.

On January 24, 2005, Fidelity filed its Complaint [doc. 1] for damages against Defendant Sarah Williams in this action. A Summons [doc. 15] was issued for defendant, and the same was returned executed on December 16, 2005 [doc. 17]. Defendant has not answered the Complaint and has made no filings with this Court. On January 30, 2006, Fidelity filed a Motion for Clerk's entry of default [doc. 19]; and on January 31, 2006, the Clerk's Entry of Default [doc. 20] was entered against defendant.

Federal Rule of Civil Procedure 55 sets forth certain conditions under which default may be entered against a party, as well as the procedure by which a party may seek the entry of default judgment. If a party "against whom a judgment for affirmative relief is sought" fails to "plead or otherwise defend" a case, and "that fact is made to appear by affidavit or otherwise, the clerk [of court] shall enter the party's default." FED.R.CIV.P. 55(a). Once a default is entered, "the party

1

entitled to a judgment by default" may move the Court for entry of default judgment. Fed.R.Civ.P. 55(b). A default judgment is normally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir.1977).

In this case, the procedural requirements for default judgment have been satisfied. Thus, the Court must evaluate plaintiff's Complaint and satisfy itself that "[t]here [is] a sufficient basis in the pleadings for the judgment." *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975). That said, by virtue of her default, the defendant has admitted Fidelity's well-pleaded allegations of fact. *Id. See also Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir.1977) (stating "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true"). Thus, only if Fidelity's Complaint provides a sufficient basis for the relief it seeks can the Court grant a default judgment.

The Complaint alleges Fidelity issued Bond No. FIB0001605 to Planters Bank & Trust Company ("Bank") to indemnify it from, *inter alia*, certain losses occasioned by employee dishonesty. Plaintiff's Complaint at p. 2. Subsequently, Bank filed a Proof of Loss under the Bond, dated May 19, 2004, claiming it had sustained a loss in the amount of $245,535 as a result of the wrongful actions of its former employee, Defendant Sarah Williams. *Id*. at Exhibit B. Said Proof of Loss was substantiated by a Fraud Investigation Report which indicated that $245,535 of the loss amount had been attributed to transactions related to defendant. *Id*.

Upon determining that the Loss constituted a valid claim under the Bond and, after applying the $25,000 deductible thereunder, Fidelity made payment to Bank in the amount of $220,535. Plaintiff's Complaint at p. 2. In consideration of said payment to Bank, Bank executed a Release

and Assignment to Fidelity, assigning all rights and causes of action which Bank may have arising from the facts and circumstances giving rise to the Loss. *Id*. at pp. 2-3.

By her default, defendant has admitted the factual allegations of the Complaint as true. And, Fidelity has established a basis for the requested damages. Therefore, Fidelity is entitled to entry of a default judgment in its favor.

In the Complaint, Fidelity seeks $245,535 due from the Loss covered by the Bond, "attorneys' fees" and "such further relief as may be appropriate." By the instant Motion, Fidelity seeks a default judgment in the total amount of $252,144.81, including the Loss, costs, expenses and attorneys fees. Of this amount, $6,609.81 represents attorneys fees and expenses. As support for this figure, Fidelity has submitted the affidavit of Harriet Kalanzi, a collection specialist for Fidelity. Based on this, the attorneys fees, expenses and costs sought are reasonable and Fidelity is entitled to a default judgment in the amount of $252,144.81.

**THEREFORE, IT IS ORDERED** that Fidelity's Motion for Entry of a Judgment by Default is hereby granted. A judgment shall be entered separately.

**THIS**, the 15th day of September, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE